**MERION, Will of in Re**

Probate Court, Franklin County

No. 69967

## DECISION ON APPLICATION

## OPINION

By McCLELLAND, J.

This matter comes before the Court upon an application ex parte for the Court's determination of certain questions set forth therein. We will not take them up in the order in which they are presented, but we shall first determine the first question which, in our opinion, is the most important, and that is, whether the land trust certificates set forth in the application are real or personal property. These land trust certificates grow out of a certain transaction between The Acme Development and Investment Company and The Huntington National Bank. Counsel for the applicant has presented to the Court an agreement and declaration of trust between The Huntington National Bank of Columbus, as Trustee, and the holders of the land trust certificates. The Huntington National Bank in this agreement declares that it holds the property described therein as Trustee for the then present and future holders of the land trust certificates.

Although this Court has not been furnished with a copy of the instrument by which the Trustee, The Huntington National Bank, received its estate in the property, this Court has examined the record of the deed from The Acme Development and Investment Company to The Huntington National Bank. The deed on its face conveys a fee simple estate to The Huntington National Bank. It appears that subsequent to or contemporaneous with the execution of the deed, The Huntington National Bank, as Trustee, leased the property to The Acme Development and Investment Company and then either contemporaneous with or subsequent to that transaction, The Huntington National Bank executed a written declaration of trust, in which declaration there is set forth completely the purposes for which the Bank is the Trustee and the rights and obligations, if any, of the owners of the land trust certificates.

In order that we may determine the character of the estate of the owners of the land trust certificates we must examine the declaration of trust. Article 1 of that declaration reads as follows:

"The Trustee hereby declares that it holds and will hold as Trustee for the use and benefit of all present and future

holders of the Certificates of Equitable Ownership issued here-under (hereinafter called "Land Trust Certificates") the title to the premises acquired by the Trustee by deed from The Acme Development and Investment Company."

Article II contains the following language:

"The equitable ownership and beneficial interest in the Trust Estate is divided into sixteen hundred and fifty (1650) indivisible equal shares, which shares shall be represented by Certificates of Equitable Ownership, said Certificates (referred to and designated as "Land Trust Certificates"), varying only as to the respective numbers, names of the respective Beneficiaries, and the amount of the equitable interest represented by the Ceritficates, being in the following form, to-wit: * * * "

It is also of importance that we examine some of the essential characteristics of the so-called land trust certificate. Each certificate contains the following language:

"This certifies That _____ is the owner of _____ sixteen hundred and fiftieths (_____ 1650ths) of the equitable ownership and beneficial interest in certain real estate in the City of Columbus, Ohio, * * * "

.   In the latter part of the certificate we find the following language:

"Subject to the terms and conditions of the Declaration, but not otherwise, this Certificate and the interest represented thereby may be assigned and transferred in full shares of one-sixteen hundred and fiftieth (1/1650) each, but not in fractions thereof, by the holder hereof in person or by duly authorized attorney, but only upon surrender of this Certificate, duly assigned, for notation of such transfer upon the books of the Trustee, and the transferee shall, by accepting this Certificate or any Certificate which may be issued in pla-- hereof, become a party to the Declaration and be bound thereby and entitled to all rights thereunder."

On the back of the certificate is also a form of an assignment, which assignment contains all of the necessary elements with reference to its execution as that required in a deed

transferring real estate. It is also significant that when an assignment is made it must be made on the form contained in or on the certificate and apparently such assignment is only for the purpose of transferring the interest of the present owner to another person and apparently cannot be used for the purpose of executing a second transfer but must be surrendered to the Trustee and a new one issued to a subsequent transferee.

Now considering the recitals in the declaration of trust and in the certificate, this Court is compelled to come to the conclusion that The Huntington National Bank, as Trustee, is the legal owner of the property, while the owners of all the land trust certificates are in common the owners of the equitable estate in the real estate subject to the declaration of trust. The land trust certificates only certify that the respective holders thereof are the owners of certain undivided interest in the equitable estate in the real property. The holders of the certificates do not acquire their interest in the property by virtue of the land trust certificate. Their interest in the property is acquired by the deed from The Acme Development and Investment Company to The Huntington National Bank. These certificates only certify that the respective holders are the owners of certain undivided interests in the equitable title to the property under consideration. They differ from a deed in this respect, in that a deed is the instrument by which title is conveyed by a grantor and acquired by a grantee. Such is not the case with the land trust certificates. The land trust certificates at best are only evidence of the ownership by the holder of same and when one acquires one of these land trust certificates the certificate is only the evidence that he has acquired an interest in the real estate. To a certain extent land trust certificates are tokens of ownership in the same manner as a warehouse certificate is a token of ownership.

It is true that the holder of a land trust certificate, or the holder or owner of an equitable interest evidence by a land trust certificate, does not possess all the rights of a holder of land under an ordinary warranty deed. The rights are restricted by the declaration of trust and by which the owner of a certificate or interest in the real estate becomes a party to the declaration of trust.

The Attorney General of Ohio, in 1926, rendered an opinion to the Tax Commission of Ohio as to the character of land trust certificate issued under the same circumstances and conditions under which the ones under consideration were issued. In that case the Attorney General held that such certificates evidenced interests in real estate and were in fact real estate.

The Supreme Court of the United States in the case of Senior v Braden, et al., reported in 295 U. S. at page 422, in considering the character of land trust certificates issued under similar conditions as to property located in Ohio, has held that such certificates being evidence of the interest of the owner thereof in real estate, are actually real estate. This case came before the Supreme Court of the United States upon review of an opinion of the Supreme Court of Ohio, and involved an attempt to tax the land trust certificates as intangible property, but the Court held the same to be real estate or evidence of an interest in real estate.

The Supreme Court of the United States also, in the case of Blair v. Commissioner, 300 U. S. page 5, held that the holder of a land trust certificate was not the owner of a chose in action, but was the holder or owner of an equitable interest in real estate.

The novel arrangement by which a trustee acquires the legal title to property for the benefit of a group of owners of the equitable interests therein, which equitable interests are represented by certificates, is a comparatively new development in the industrial life of our community and it is somewhat difficult to harmonize this arrangement with legal concepts which have existed for sometime. It is true that the certificate is a written instrument, but if we consider the certificate simply as a written instrument as evidence of ownership and nothing more, we might be compelled to come to the conclusion that they constitute personal property, but under the circumstances and conditions under which they are issued they are more than that. As we have hereinbefore stated, there is a marked similarity in legal effect to a warehouse certificate in that they are tokens of ownership and are so closely connected with the land itself as to constitute real property.

We therefore hold that these certificates under investigation constitute an interest in real estate.

We now come to the second question raised by the applicant and that is, whether or not the Trustee should continue

to hold the assets received by it by distribution from the executor under the last will and testament until in its discretion it believes it advisable to sell all or a part of them. The question answers itself. Most certainly the Trustee should hold them until its discretion should dictate that they be sold.

We now come to the third question and that is, whether or not the Trustee was and is authorized to invest trust funds in the first preferred stock of any public or quasi public utility which at the time of the investment met or meets the requirements of said will with respect to the payment of dividends. We are not sure that we understand fully the question here presented, but if the guestion is nothing more than what purports on its face, the answer must be "yes", because if it does so, it simply conforms to the requirements of the will. If the question is whether or not the public utility in whose stock an investment is to be made should be a public utility of Ohio or another state, then we have a different question. Upon examination of Item 14 of the will we find that there is a restriction upon the right of the Trustee to invest. The restriction limits the Trustee to invest in real estate located in Franklin County or in first mortgages on real estate located in Franklin County, or in federal, state or municipal bonds, or in the first mortgage bonds of any railroad or other public or quasi public utility, or in the first preferred stock of any Ohio railroad, or other public or quasi public utility, which at the time of the investment has met certain conditions.

Our attention is directed to the restriction as to the investment in first mortgages on real estate located in Franklin County, Ohio. Then follows another restriction as to federal, state or municipal bonds. This restriction, of course, could not refer to any securities issued by Franklin County or its municipalities, because of the reason that it permits federal and state bonds to be purchased. Then follows the restriction or the permission of investment in first mortgage bonds of any railroad or any other public or quasi public utility. In our opinion this does not constitute a restriction as to the state of issuance of any such bonds.

We believe the foregoing statement answers the three questions raised by the application, and an order may be drawn accordingly.